<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| LEVINE DICKERSON, | : | |
| | : | CIV. NO. 20-4377 (RMB-JS) |
| Plaintiff | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ATLANTIC COUNTY JUSTICE FACILITY, | : | |
| | : | |
| Defendant | : | |

BUMB, DISTRICT JUDGE

Plaintiff Levine Dickerson, a pretrial detainee confined in Atlantic County Justice Facility in Mays Landing, New Jersey, filed this civil rights action on April 6, 2020. (Compl., Dkt. No. 1.) Plaintiff seeks to proceed without prepayment of the filing fee ("*in forma pauperis*" or "IFP") under 28 U.S.C. § 1915. (IFP App., Dkt. No. 1-1.) 28 U.S.C. § 1915(a) provides, in relevant part,

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement … of any suit … without prepayment of fees … by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees …. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action … without prepayment of fees … in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional

> equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff did not submit a certified copy of his trust fund account statement for the 6-month period immediately preceding the filing of the complaint, as required by statute. The account statement must be certified by the appropriate prison official.

The Court will administratively terminate this action.[1] Plaintiff may reopen this action if he timely submits a properly completed IFP application or pays $400.00 for the filing and administrative fees. Plaintiff should be aware that, even if granted IFP status, he must pay the $350.00 filing fee in installments, if available in his prison trust account, regardless of whether the complaint is dismissed, see U.S.C. § 1915(b)(1).

---

[1] U.S.D.C. District of New Jersey Local Civil Rule 54.3(a) provides:

> Except as otherwise directed by the Court, the Clerk shall not be required to enter any suit, file any paper, issue any process or render any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States, nor shall the Marshal be required to serve the same or perform any service, unless the fee therefor is paid in advance. The Clerk shall receive any such papers in accordance with L.Civ.R. 5.1(f).

For the reasons discussed below, if Plaintiff was granted IFP status, upon conclusive screening of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915(b); and 42 U.S.C. § 1997e(c)(1), the Court would dismiss the complaint without prejudice.

I. *Sua Sponte* Dismissal

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and 42 U.S.C. § 1997e(c) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2]

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id.

---

[2] Conclusive screening is reserved until the filing fee is paid or IFP status is granted. See Izquierdo v. New Jersey, 532 F. App'x 71, 73 (3d Cir. 2013) (district court should address IFP application prior to conclusive screening of complaint under 28 U.S.C. § 1915(e)(2)).

3

(internal quotation marks omitted). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

4

II.   DISCUSSION

    A.   The Complaint

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983. Plaintiff alleges that on January 30, 2020 in Atlantic County Justice Facility, he was fed poisoned food which caused significant stomach illness that night. When he put in a medical request slip the next day, it was ignored. (Compl., Dkt. No. 1.)

    B.   Section 1983 Claims

42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

It appears that Plaintiff, as a pretrial detainee, is asserting a claim for violation of his Fourteenth Amendment right

5

to due process. See Bell v. Wolfish, 441 U.S. 520, 539 (1979) ("if a … condition [of confinement] is not reasonably related to a legitimate goal-if it is arbitrary or purposeless-a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees…."). The only defendant named in the complaint is Atlantic County Justice Facility. A county jail is not a proper defendant to a § 1983 claim. Abner v. Somerset Cty. Jail, No. CV1816911FLWTJB, 2019 WL 1904880, at *2 (D.N.J. Apr. 29, 2019) (citations omitted). Plaintiff may state a § 1983 claim against the county itself, if he can allege facts indicating that the county maintained a policy or custom that caused a violation of his constitutional rights. See Santiago v. Warminster, 629 F.3d 121, 135 (3d Cir. 2010) (citing Monell v. Dep't of Social Services of the City of New York, 436 U.S. 658, 694 (1978)).

III. CONCLUSION

The Court will administratively terminate this action, subject to reopening. An appropriate Order follows.

DATE:   July 29, 2020

                                                s/Renée Marie Bumb
                                                **RENÉE MARIE BUMB**
                                                **United States District Judge**